## Jasco Aluminum Products Corp. v. Penn Aluminum Sash & Door Co.

*H. Fischer*, for plaintiff.

*H. Drizin* and *A. M. Adams*, for defendant.

FLOOD, J., August 28, 1956.—The jury rendered a verdict for defendant both on plaintiff's claim and defendant's counterclaim. The latter covered costs expended by defendant in reliance upon an exclusive distributorship allegedly given to it by the plaintiff. Plaintiff seeks judgment n. o. v. on the counterclaim or, failing that, a new trial, for the following reasons:

1. The exclusive distributorship was given to defendant verbally by plaintiff's sales manager, Weiss, and plaintiff's president himself testified that Weiss had no authority to do so except upon the condition that defendant purchase plaintiff's screens at the rate of $10,000 per month.

2. The contract is too vague to enforce, since it placed no obligation upon defendant to sell any amount or to do any other specific thing.

3. The grant of the distributorship is at will only.

4. Lost profits are the only damages which defendant can recover, and these he has not proved.

We think plaintiff's third point in his argument for judgment n. o. v. on defendant's counterclaim is correct and that such judgment should therefore be entered. Defendant's alleged exclusive distributorship contract states no term for which it is to be effective. In such a contract, the court does not assume that the contract will last for a reasonable time, unless clearly required by its terms. In the absence of contrary agreement on this head such a contract is terminable at will: Cummings v. Kelling Nut Co., 368 Pa. 448, 451 (1951). Since the contract is terminable at will, termination by plaintiff is not a breach and defendant is not entitled to damages therefor: Coffin v. Landis, 46 Pa. 426 (1864); General Electric Co. v. N. K. Ovalle, Inc., 335 Pa. 439 (1939); Cummings v. Kelling Nut Co., supra.

The court submitted this case to the jury on the strength of section 333 of A. L. I. Restatement of the Law of Contracts which provides that the amount of plaintiff's expenditures, reasonably made in performance of the contract or in necessary preparation thereof, is included in compensatory damages. But the difficulty in so submitting the matter to the jury here is that this section of the restatement comes into operation only when there is a breach, whereas in this case termination of the contract was not a breach since the contract was terminable at will. Defendant also relies upon illustrations 1 and 2 of section 333. However, in illustration 1, the exclusive agency was for a definite term. In illustration 2, which is closer to this case, it appears that the agent's promise to sell

a specified amount of the principal's product was considered as sufficient to make the principal's refusal to supply that quantity a breach. The illustration assumes a breach. Certainly no Pennsylvania case has been found which is in accord with illustration 2 if it is intended to apply to an exclusive agency where no time limit and no specific quantity to be supplied is agreed upon. It is to be noted here that one of the facts upon which defendant relies is that no specific quantity to be purchased or sold was agreed upon by the parties.

Judgment is entered for defendant on plaintiff's claim. Judgment n. o. v. is entered for plaintiff on defendant's counterclaim.